**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00040 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DAMIEN GUIDRY | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the Court are Defendant Damien Guidry's ("Guidry") (1) Motion to Sever Counts 3 and 5 of the Indictment (Record Document 22) and (2) Motion to Sever All Counts of the Indictment (Record Document 23). The Government opposes both Motions. For the reasons contained in the instant Memorandum Ruling, Guidry's Motion to Sever Counts 3 and 5 is **DENIED**. Guidry's Motion to Sever All Counts is **GRANTED IN PART** and **DENIED IN PART**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 9, 2017, a grand jury for the Western District of Louisiana issued a five-count indictment against Guidry. See Record Document 1. The indictment charges Guidry with the following offenses in numbered counts:

1) Distribution of cocaine on July 31, 2012;

2) Possession of marijuana with intent to distribute on January 29, 2016;

3) Being a felon in possession of a firearm on January 29, 2016;

4) Conspiracy to distribute and possess with intent to distribute cocaine on November 17 and 18, 2016; and

5) Being a felon in possession of a firearm on November 18, 2016.

See id. Guidry filed the instant Motions on April 19, 2017. See Record Documents 22 and 23. The Government filed a Memorandum in Opposition on May 3, 2017, opposing both Motions. See Record Document 27.

**LAW AND ANALYSIS**

I. **Legal Standards**

Rule 8 of the Federal Rules of Criminal Procedure states that an indictment may charge a defendant in separate counts in the same indictment when "the offenses charged" are: (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constitute parts of a common scheme or plan." Rule 14 of the Federal Rules of Criminal Procedure provides that if the joinder of offenses in an indictment "appears to prejudice a defendant . . . the court may order separate trials of counts."

Whether charges are properly joined under Rule 8(a) and whether properly joined charges should be tried separately under Rule 14 are two separate questions. See United States v. Park, 531 F.2d 754, 760 n.3 (5th Cir. 1976). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." United States v. Bullock, 71 F.3d 171, 174 (5th Cir. 1995). Proper joinder is purely a question of law, and is therefore reviewed under a de novo standard of review on appeal. See Park, 531 F.2d at 760 n.3. "Whether joinder is sound is to be determined from the face of the indictment." United States v. Grassi, 616 F.2d 1295, 1302 (5th Cir. 1980).

Whether to hold separate trials on different counts in an indictment based upon prejudice to the defendant from trying the counts together is up to the broad discretion of the district court. United States v. Turner, 674 F.3d 420, 429-30 (5th Cir. 2012). "In many instances, prejudice resulting from failure to sever counts can be cured through an

appropriate jury instruction," and "juries are presumed to follow such instructions." Id. Even if a district court errs by concluding that counts are properly joined and that a defendant will not suffer sufficient prejudice from trying the counts together to warrant trying them separately, a conviction on any of the counts will only be overturned if the defendant can show "specific and compelling prejudice that resulted in an unfair trial." United States v. Holloway, 1 F.3d 307, 311 (5th Cir. 1993).

## II. ANALYSIS

### A. Defendant Guidry's Arguments

Guidry's first Motion to Sever argues that the two felon in possession of a firearm charges, Counts 3 and 5 of the indictment, should be severed into separate trials from the drug charges, Counts 1, 2, and 4. See Record Document 22. He argues that:

1) Felon in possession of a firearm charges are not of "the same or similar in character" to drug crimes. See id. at ¶¶ 2-9.

2) Allowing the felon in possession of a firearm counts to be tried in the same trial as the drug charges will allow the Government to introduce Guidry's prior felony convictions into evidence when those convictions would not normally be allowed to be introduced. See id.

3) Though the indictment alleges that the felon in possession of a firearm charges arose from conduct during the same time period as the drug charges in Counts 2 and 4, the indictment does not allege any real connection between Counts 2 and 3 and Counts 4 and 5. See id.

4) Count 1 of the indictment charges Guidry with commission of a drug crime that occurred several years before the other crimes charged in the indictment, and there is no connection between Count 1 and the other counts in the indictment other than the fact that Counts 2 and 4 are also drug charges. See id.

Guidry's second Motion to Sever argues that all of the counts in the indictment should be severed into separate trials. See Record Document 23. In this Motion, Guidry makes essentially the same arguments as those above for regarding the felon in

possession of a firearm charges. See id. He also makes the following additional arguments:

1) With the exception of Counts 2 and 3 occurring on the same day, all of the counts arise from different events and transactions from one another, with the only common element being that Counts 1, 2, and 4 are all drug charges. See id. at ¶ 2-3.

2) Guidry plans to testify in his own defense on Counts 2 through 5, but not on Count 1, which supports severing the trial of those counts from Count 1. See id. at ¶ 8.

### B. The Government's Arguments

The Government opposes severance of the trials of any of the charges from one another. See Record Document 27. The Government argues that "it is well settled that there is no requirement that felon in possession of firearm charges be severed from other related charge[s]," and that the felon in possession charges in Counts 3 and 5 occurred during the same time period as the drug crimes in Counts 2 and 4, respectively. Id. at 5-6. The Government relies primarily upon United States v. Bullock, 71 F.3d 171 (5th Cir. 1995) for this argument. See id. at 5-8. Additionally, the Government argues that Guidry's argument for severance of all counts is unsupported by any Fifth Circuit authority, and that Guidry has failed to meet his "heavy burden of showing specific and compelling prejudice" to overcome the preference for trying multiple counts in the same trial in the interest of judicial economy. Id. at 9-10. Finally, the Government argues that Guidry's assertion that he intends to testify in his own defense on Counts 2-5 is not a credible assertion, as doing so would expose Guidry to cross-examination on his prior criminal history. See id.

### C. Counts 1-5 are Properly Joined, But Count 1 Should Be Tried Separately.

#### i. Joinder of Counts 1-5

The Court finds that all of the Counts in the indictment are properly joined under Federal Rule of Criminal Procedure 8(a). As the plain language of Rule 8(a) states, an indictment may charge a defendant in separate counts in the same indictment when "the offenses charged" are: (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constitute parts of a common scheme or plan." This means that, to be properly joined, each count in the indictment must be connected to each of the other counts in the indictment in at least one of the three ways enumerated in Rule 8(a).

In the instant action, Counts 1, 2, and 4 are clearly "of the same or similar character," as they all relate to the distribution of illegal drugs. Fed. R. Crim. P. 8(a). The fact that two of the charges relate to cocaine and one relates to marijuana does not mean that they are no longer "similar" under Rule 8(a) such that they cannot be tried together. See United States v. Werner, 620 F.2d 922, 926 (2nd Cir. 1980) (plain, ordinary meaning of "similar" is "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness"); see United States v. Berg, 714 F.3d 490, 495 (7th Cir. 2013) (charges related to distribution of marijuana and distribution of cocaine are crimes of "a like class" and therefore are sufficiently similar to be joined together because they both involve dealing drugs). Counts 3 and 5 are the exact same charge, felon in possession of a firearm, so two those counts may be properly joined.

Thus, Guidry's argument that all of the counts are improperly joined and that each count should be tried separately can be easily rejected, as there is clearly a way to

properly join the counts into at most two different groups that are "of the same or similar character" under Rule 8(a). However, Guidry's arguments that the felon in possession of a firearm charges are not "of the same or similar character" as drug charges is correct. Fed. R. Crim. P. 8(a). This means that all five charges may only be properly joined if all five are either "based on the same act or transaction" or "are connected with or constitute parts of a common scheme or plan," the other two ways in which counts in an indictment may be connected such that they are properly joined under Rule 8(a) Id.

The Court finds that there is a sufficient connection between Counts 2 and 3 and Counts 4 and 5 to conclude that they are properly joined. Counts 2 and 3 allege that Guidry possessed marijuana with intent to distribute and was a felon in possession of a firearm on the same day, January 29, 2016. See Record Document 1 at 2. Counts 4 and 5 allege that Guidry possessed cocaine with intent to distribute on November 17 and 18, 2016, and that he was a felon in possession of a firearm on November 18, 2016. See id. at 3-4. Thus, Counts 2 and 3 allege criminal actions on the same day, and Counts 4 and 5 allege criminal actions on the same day.

The Government argues that United States v. Bullock, 71 F.3d 171 (5th Cir. 1995), precludes Guidry's argument on both joinder and separate trials for the felon in possession of a firearm charges and the drug charges that occurred on the same days, and the Court agrees. There, the defendant (Bullock) was charged with being a felon in possession of a firearm, armed bank robbery, and using a firearm during a violent crime. See Bullock, 71 F.3d at 173. He was convicted on all three counts, and challenged his conviction on appeal by arguing that the district court erred by failing to sever the felon in possession of a firearm count from the other counts. See id. The Government conceded

that the gun upon which the felon in possession of a firearm count was based, which was found in the trunk of Bullock's car when he was arrested several hours after the robbery, was not the weapon used in the robbery itself. See id. at 174. Nonetheless, the Fifth Circuit held that all three counts were properly joined. See id. at 175. Because the gun in question "was found in the trunk of the getaway car within hours of the robbery . . . a factfinder could infer that Bullock had the gun so that it would be available to him during the robbery and escape." Id. Generally, the Fifth Circuit "has allowed the joinder of firearm charges with other offenses when the gun was found during the investigation of the offense." Id. Thus, the Fifth Circuit found that "Bullock's possession of the firearm just hours after the robbery is the same act or transaction" as the other charged offenses, making joinder of all three charges proper. Id.

The Court finds that under the plain language of Rule 8(a) and Bullock, Count 2 is a part of the same act or transaction as Count 3, and Count 4 is part of the same act or transaction as Count 5. As in Bullock, the felon in possession of a firearm charge in Count 3 is based upon possession of a firearm on the same day as another charged offense, possession of marijuana with intent to distribute. See Record Document 1 at 2. The same is true of the felon in possession of a firearm charge in Count 5 and the conspiracy to distribute cocaine and possess cocaine with intent to distribute in Count 4. See id. at 3-4. Thus, the Court finds that Count 2 is "based on the same act or transaction" as Count 3, and Count 4 is "based on the same act or transaction" as Count 5. Fed. R. Crim. P. 8(a); see also United States v. Mays, 466 F.3d 335, 340-41 (5th Cir. 2006) ("when firearms are found during the investigation of [some other] offense, joinder of the gun charges is appropriate").

Additionally, though the Fifth Circuit in Bullock did not directly address whether the firearm charge was a part of a "common scheme or plan" as the robbery charge, the Court also finds that Count 2 was a part of "a common scheme or plan" as Count 3 and Count 4 was a part of "a common scheme or plan" as Count 5. Fed. R. Crim. P. 8(a). This conclusion is based on essentially the same logic as the conclusion that these counts are "based on the same act or transaction." Id.; see also United States v. Johnson, 462 F.3d 815, 822 (8th Cir. 2006) (when there is an "immediate temporal and logical connection between the firearms and the narcotics," it is "reasonable to assume that the firearms could have been used as a vital part of a plan to possess and distribute drugs").

This decision means that Counts 2 and 3 are properly joined and Counts 4 and 5 are properly joined, but there still must be a connection in one of the ways enumerated in Rule 8(a) between all five counts for them all to be properly joined. The Court finds that the same basic logic by which the Court concluded that Counts 2 and 3 and Counts 4 and 5 are properly joined means that all five counts are properly joined. Count 1 charges criminal actions that occurred on August 31, 2012, Counts 2 and 3 charge criminal actions on January 29, 2016, and Counts 4 and 5 charge criminal actions on November 17 and 18, 2016. See Record Document 1. Thus, about three years and five months separate the conduct charged in Count 1 from the conduct charged in Counts 2 and 3, and that conduct is in turn separated from the conduct charged in Counts 4 and 5 by slightly more than nine and a half months.

Nonetheless, the Court finds that the alleged offenses that happened on these three separate occasions are sufficiently connected to be properly joined together in a single indictment. "'Transaction' is a word of flexible meaning [that] may comprehend a

series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Park, 531 F.2d at 761. There is clearly a logical relationship between three separate drug-related charges, as they allege similar conduct with the same ultimate goal: distribution of illegal drugs. The simplest logical inference from these three charges, if true, is that Guidry engaged in, conspired to engage in, and possessed drugs with the intent to engage in a series of drug transactions over a long period of time.

The logical relationship between possession of drugs with intent to distribute and possession of a firearm is only marginally more difficult to make. Associating the possession of firearms with the illegal distribution of drugs is simply a matter of common sense; drug dealers commonly carry firearms to defend themselves against both the illegitimate use of force by other drug dealers and against the legitimate use of force by law enforcement officers. Notably, of the cases cited in the instant Memorandum Ruling, Park, Johnson, Mays, Berg, and Werner all involved both gun and drug charges.

Additionally, the Court finds that joinder of Counts 1-5 is proper because the charges are "parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Again, the analysis for this basis for joinder is very similar to the analysis for joinder on the basis of the counts being a part of the "same act or transaction." Id. Admittedly, the case for joinder on this basis would be stronger if there were a more "immediate" temporal connection between the charges rather than the multi-year gap between Count 1 and Counts 2 and 3 and the multi-month gap between Counts 2 and 3 and Counts 4 and 5. Johnson, 462 F.3d at 822. Nonetheless, courts have permitted joinder of multiple drug distribution-related counts when those counts occurred over an extended period of time and across

different locations. See United States v. Hutchinson, 573 F.3d 1011, 1026-27 (10th Cir. 2009) (joinder of, *inter alia*, a possession of drugs with intent to distribute count and a felon in possession of a firearm count for activities that occurred over several months from two different bases of operations was proper because the charges were all "parts of a common scheme or plan"). Thus, the Court finds that Counts 1-5 are properly joined because they are both "based on the same act or transaction" and are "parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

      **ii.    Though Count 1 is Properly Joined to the Other Counts, It Should Be Tried Separately to Avoid Undue Prejudice.**

As noted in Section I, *supra*, whether counts in an indictment are properly joined under Rule 8(a) is a legal question. See Park, 531 F.2d at 760 n.3. Whether to hold separate trials on properly joined counts in an indictment under Rule 14, however, is a separate question on which a district court has a certain amount of discretion. See Turner, 674 F.3d at 429-30. In the context of an indictment in which there is both a felon in possession of a firearm charge and at least one other charge, courts must balance several competing concerns. On one hand, there is "the usual presumption in favor of joinder" and the fact that "in many instances, prejudice resulting from failure to sever counts can be cured through an appropriate jury instruction." Id. On the other hand, joinder of a felon in possession of a firearm charge with another charge "present[s] special prejudice concerns that are not reflected in the usual presumption in favor of joinder." Id. at 430. Felon in possession of a firearm charges present such a special concern for potentially undue prejudice to the defendant because they allow for the introduction of evidence of a prior felony committed by the defendant. See id. When the felon in possession of a firearm charge is tried separately from another offense, the evidence of the defendant's

prior felony is normally inadmissible in the separate trial of the other offense. See id.; see Fed. R. Evid. 404 (evidence of a person's character or prior bad acts is not admissible to prove a propensity to act in accordance with such character or such prior bad acts).

As the Fifth Circuit explained in Turner, the Fifth Circuit has not permitted joinder of felon in possession of a firearm charges in the following scenarios despite the general presumption in favor of joinder and the curative effects of jury instructions:

1) When the firearm was less relevant to the other offenses, such as when it was found at the time of arrest, months after the other indicted crimes;

2) When the possibility of prejudice seemed especially problematic, such as when the evidence for the other crimes was thin, though legally sufficient; or

3) When the prosecutor's motives for adding the charge seemed suspect or was merely a technique to introduce evidence of the defendant's bad character into evidence.

Turner, 674 F.3d at 430 (internal quotations and citations omitted). In this case, the first of these instances applies such that Count 1 should be tried separately from Counts 2-5.

The rule that a felon in possession of a firearm charge should be tried separately from another offense or other offenses when it is "less relevant" to the other offense or offenses derives from United States v. Holloway, 1 F.3d 307 (5th Cir. 1993). There, the defendant (Holloway) was arrested two months after a series of robberies occurred. Holloway, 1 F.3d at 308. At the time of his arrest, law enforcement officers found a firearm on his person. See id. A single indictment charged him both with committing the robberies and with being a felon in possession of a firearm. See id. Holloway moved to sever the trial of the robbery counts from the felon in possession of a firearm counts, but the district court denied the motion. See id. at 309. The jury convicted Holloway of three of the robbery counts but acquitted him on two of the counts. See id. On appeal, the Fifth Circuit

held that, because of the two-month gap between the robberies and the arrest and the lack of any evidence connecting the weapon to the robberies, (1) the counts were improperly joined and (2) the trial of these counts was unduly prejudicial to Holloway, resulting in an unfair trial. See id. at 310-11.

Though Holloway is distinguishable in some respects from the instant action, the Court finds, in the exercise of its discretion, that Count 1 should be tried separately from Counts 2-5. In Holloway, the robberies were totally unconnected to the possession of the firearm, making joinder of the charges improper in the first instance. See Holloway, 1 F.3d at 310-11. Here, though Guidry's alleged actions took place on three separate occasions, each of the three occasions involved a charge of possession with intent to distribute drugs. See Record Document 1. As noted in Section II, C, i, *supra*, there is a simple logical connection between possession of firearms and possession of drugs with intent to distribute, and the other four counts involve two separate incidents in which Guidry is charged with both drug crimes and possession of a firearm on the same day. These facts make joinder of these charges in a single indictment proper under Rule 8(a).

However, the same ease of logical association between drug activity and possession of a firearm by a convicted felon exposes the defendant to potential prejudice from trying the offenses together. Rule 8(a) recognizes this prejudice and tolerates it to a certain extent, but as noted, courts recognize that combining felon in possession of a firearm charges with other charges presents a special risk of undue prejudice that might result in an unfair trial. See Holloway, 1 F.3d at 311 ("evidence of a prior conviction has long been the object of special scrutiny and use at trial because of the inherent danger that a jury may convict a defendant because he is a 'bad person' instead of because the

evidence of the crime with which he is charged proves him guilty"). In such situations, Rule 14(a) allows separate trials to be held to avoid such prejudice.

Count 1 is separated from Counts 2 and 3 by three years and five months and from Counts 4 and 5 by four years and two and a half months. See Record Document 1. Even under the Government's statement of the facts in its Memorandum in Opposition to the instant Motions, there is no contention that there was any connection between the possession of drugs with intent to distribute in July 2012 with the possession of a firearm on two separate occasions in 2016, other than the logical connection that can be made simply because of the nature of drug distribution. See Record Document 27. Indeed, the Government's statement of the facts indicates that the evidence for Count 1 will be completely different from the evidence for the other counts, as it will be based on a video taken by a confidential source that does not seem to be involved in the four other counts. See id. at 2. Thus, the Court finds that the trial of Count 1–remote in time and dependent upon different evidence from the other counts–should be tried separately from Counts 2-5 to avoid the risk of undue prejudice resulting from trying it with the other four counts, two of which are for being a felon in possession of a firearm.

Guidry's argument that his intent to testify on his own behalf on Counts 2-5 but not on Count 1 supports this conclusion. See Record Document 23 at ¶ 8. The Government argues that Guidry's stated intention to testify at trial on any of the counts is not credible, as it would expose him to cross-examination about previous convictions. See Record Document 27. That argument may be true, as testifying in one's own defense certainly has many inherent risks. However, courts have found that an intention to testify at trial on some counts but not others supports an argument that the defendant would suffer some

prejudice as a result of trying the counts together. See Cross v. United States, 335 F.2d 987, 989 (D.C. Cir. 1964) ("prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence"). Thus, though this rationale is less persuasive than the basis for severance provided by Holloway, this rationale nonetheless supports the Court's decision to try Count 1 separately from Counts 2-5.

## CONCLUSION

All five counts in the indictment in the instant action are properly joined. Counts 2-5 should be tried together, as there is no risk of undue prejudice that would render such a trial unfair from trying these counts together. However, Count 1 should be tried separately from Counts 2-5 because there is such a risk from trying all five counts together. Therefore, Guidry's Motion to Sever Counts 3 and 5 of the Indictment (Record Document 22) is **DENIED**, and Guidry's Motion to Sever All Counts of the Indictment (Record Document 23) is **GRANTED IN PART** and **DENIED IN PART**.

An Order consistent with the terms of the instant Memorandum will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 7th day of July, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE