**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**UNITED STATES OF AMERICA**           **CASE NO.  2:17-CR-00040-01**

**VERSUS**                           **JUDGE ROBERT R. SUMMERHAYS**

**DAMIEN GUIDRY (01)**              **MAGISTRATE JUDGE KAY**

### ORDER and REASONS

Defendant Damien Guidry moves the Court to "correct his sentencing guideline range" pursuant to Fed. R. Cr. P. 36.[1] [ECF No. 136]. For the reasons set forth below, the Court will recharacterize the motion as brought pursuant to 28 U.S.C. § 2255 and will grant Guidry leave to withdraw or amend the motion.

### I.
### Background

On November 30, 2018, Guidry pleaded guilty to possession with intent to distribute marijuana (Count 2) and conspiracy to distribute and possess with intent to distribute cocaine (Count 4). [ECF Nos. 2, 94]. On April 29, 2019, Guidry was sentenced to a term of imprisonment of 60 months on Count 2 and 115 months on Count 4, with the sentences to run concurrently. [ECF Nos. 110, 113]. Guidry filed a timely notice of appeal, and the Fifth Circuit affirmed the judgment and sentence. [ECF No. 130]. On October 13, 2020, the United States Supreme Court denied certiorari. [ECF No. 131]. Guidry now moves the Court to "correct his sentencing guideline range"

---

[1] Rule 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

pursuant to Rule 36, arguing that his guideline range was incorrectly calculated at the time of sentencing.[2] [ECF No. 136 at 6].

## II.
## Discussion

It is clear from Guidry's motion that he wishes to collaterally attack his sentence. The proper vehicle for a collateral attack is a motion pursuant to 28 U.S.C. § 2255—not Rule 36. Rule 36 allows a court to correct a *clerical* error in a judgment. Fed. R. Crim. P. 36. Guidry does not argue that a clerical error was made at sentencing; rather, he alleges a misapplication of the sentencing guidelines. *See United States v. Garcia*, 344 Fed.Appx. 935 (5th Cir. 2009) (a Rule 36 motion arguing district court miscalculated sentence and cited incorrect edition of the sentencing guidelines was a collateral attack that must be brought pursuant to § 2255) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Accordingly, the Court finds the pending motion is properly construed as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.

Pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), Guidry is hereby NOTIFIED that the Court will recharacterize the motion as a motion brought pursuant to 28 U.S.C. § 2255. This recharacterization means that any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" motions. 28 U.S.C. § 2255(h). The Court will therefore grant Guidry leave to either withdraw his motion or amend it so that it contains all of the Section 2255 claims he believes he has. *Castro* at 383.

---

[2] Specifically, Guidry contends the Court incorrectly calculated his guideline range by applying "a two point enhancement for possession of a dangerous weapon" to Count 4, when the enhancement should have applied to Count 2. [ECF No. 136 at 1]. (The Court notes Counts 2 and 4 were grouped together into a single group for sentencing guideline purposes pursuant to U.S.S.G. § 3D1.2. *See* ECF No. 118 at 14.)

**III.**
**Conclusion**

For the foregoing reasons, the Court hereby RECHARACTERIZES Guidry's motion as a collateral attack on his conviction and sentence under 28 U.S.C. § 2255. Further, the Court WARNS Guidry that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions. *Id.* at 2255(h). Finally, Guidry has 120 days from the date of this Order to either withdraw his motion or amend it to include all of the Section 2255 claims he wishes to include.

THUS DONE in Chambers on this 8th day of June, 2021.

ROBERT R. SUMMERHAYS
**UNITED STATES DISTRICT JUDGE**