UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DAMIEN GUIDRY** | **CASE NO. 2:17-CR-00040-01** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

### RULING and ORDER

Before the Court is Defendant Damien Guidry's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as "compassionate release").[1] For the reasons below, the motion is denied.

### I.
### BACKGROUND

On November 30, 2018, Guidry pleaded guilty to possession with intent to distribute marijuana (Count 2) and conspiracy to distribute and possess with intent to distribute cocaine (Count 4).[2] On April 29, 2019, he was sentenced to a term of imprisonment of 60 months on Count 2 and 115 months on Count 4, with the sentences to run concurrently.[3] The United States Court of Appeals for the Fifth Circuit affirmed the sentence, and the United States Supreme Court denied Guidry's writ of certiorari.[4] Thereafter, Guidry filed a motion to "correct his sentencing guideline range" pursuant to Fed. R. Cr. P. 36, which the Court recharacterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[5] After receipt of additional briefing, the Court

---

[1] ECF No. 152.
[2] ECF Nos. 2, 94.
[3] ECF Nos. 110, 113.
[4] ECF Nos. 130, 131.
[5] ECF Nos. 136, 137.

denied Guidry's § 2255 motion.[6] Guidry now files this motion, arguing "a combination of 'extraordinary and compelling reasons'" exist warranting compassionate release.[7]

## II.
## APPLICABLE LAW

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to that rule is found in 18 U.S.C. § 3582(c)(1)(A). To qualify for a sentence modification under that statute, a prisoner must show: (1) "extraordinary and compelling reasons" justify a sentence reduction; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) early release is consistent with the sentencing factors in 18 U.S.C. § 3553(a).[8] The first prong requires a prisoner to show that he "'face[s] some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release."[9]

## III.
## DISCUSSION

Guidry contends that the following "combination of 'extraordinary and compelling reasons'" justify a reduction in sentence: (1) an erroneous calculation of his criminal history points; (2) post-sentencing rehabilitation; (3) "his readiness to re-enter society"; and (4) "COVID-19's Unprecedented Dangers."[10] As to Guidry's criminal history points, Guidry asserts his criminal

---

[6] ECF No. 154.
[7] ECF No. 152 at 1.
[8] 18 U.S.C. 3582(c)(1)(A); *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022). When a prisoner files a compassionate release motion with the district court, the Sentencing Commission's current policy statement is inapplicable. *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *see also United States v. Hood*, 2021 WL 7629335, *1 (5th Cir. 2021).
[9] *United States v. McMaryion*, 64 F.4th 257, 259 (5th Cir. 2023) (alterations in original) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).
[10] ECF No. 152 at 1, 5.

history score was incorrectly calculated at sentencing due to a "false claim" that Guidry was on "supervised release when he was being sentenced," thereby resulting in an incorrect guideline range.[11] In support, Guidry provides a document, which appears to be the "pre-plea Guideline calculation" previously addressed in this Court's Ruling on Defendant's § 2255 motion.[12] As noted in that Ruling, those pre-plea calculations were incorrect and were not binding upon the Court.[13] Further, the Court thoroughly addressed this argument at sentencing,[14] and Guidry cannot "challenge the legality or the duration of his sentence" through a motion for compassionate release.[15]

With regard to COVID-19, Guidry merely asserts that "[t]he seriousness of COVID-19 and its spread in many prisons is an extraordinary and compelling reason that defendant asks this Honorable Court to consider. . . ."[16] "[C]ourts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID."[17] But the courts that have granted compassionate release on that basis "largely have done so for defendants who had already served the lion's share of their sentences *and presented multiple, severe, health concerns*."[18] Here, Guidry does not assert

---

[11] *Id.* at 4.

[12] *See* ECF No. 153 at 5-6, 10. The pre-plea guideline calculations were provided prior to commencement of the preparation of the presentence investigation report and were likely based upon information provided by counsel, rather than an independent investigation by the Office of Probation. Further, the pre-plea calculation Guidry relies upon merely states "It doesn't appear he was under any type of criminal justice supervision, so no extra points there." However, after the Office of Probation conducted its full investigation, court records revealed that Guidry was indeed on supervision at the commencement of the instant offense. *See* ECF No. 118 at 19, ¶ 80; *Id.* at 22, ¶ 89.

[13] *Id.* at 24, n.24.

[14] ECF No. 129 at 80-83.

[15] *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).

[16] ECF No. 152 at 5.

[17] *United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021).

[18] *Id.* at 434-35 (emphasis added).

he has any underlying health conditions that would increase his risk of serious illness were to he contract COVID, and the presentence investigation report reflects no such illnesses.[19]

That leaves the Court with Guidry's post-sentencing rehabilitation and his readiness to reenter society. As to rehabilitation, Guidry merely states "that he is rehabilitated, and has continued to participate in programs offered by the BOP to correct and change his past criminal thinking."[20] There is no further development of Guidry's statement that he is ready to reenter society. Even accepting these unsupported statements as true, they do not constitute extraordinary and compelling reasons justifying a sentence reduction, as these facts do not "lead[] 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release."[21]

## IV.
## CONCLUSION

For the reasons set forth above, the motion for sentence reduction [ECF No. 152] is DENIED due to Movant's failure to show extraordinary and compelling reasons justifying a sentence reduction.

THUS DONE in Chambers on this 4th day of May, 2023.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[19] ECF No. 118 at 29, ¶ 137 ("The defendant reported that he is healthy, and has no history of health problems.").
[20] ECF No. 152 at 4. While Guidry refers the Court to "Exhibit D," that exhibit contains no evidence in support of his rehabilitation or participation in BOP programs. *See* ECF No. 152-1.
[21] *McMaryion*, 64 F.4th at 259 (alterations in original) (quoting *Escajeda*, 58 F.4th at 186).